**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| John R. Mayhew,                 ) | |
|                       ) | |
|         Plaintiff,      ) | |
|                       ) | Civil Action No.: 2:11-03226-PMD |
|         v.              ) | |
|                       ) | |
| ILA Local 1771 (Clerks & Checkers),   ) | **ORDER** |
| South Carolina Stevedores Association,   ) | |
| Ceres Marine Terminals, APM Terminals,  ) | |
| Ports America Stevedoring Contract Co.,   ) | |
| SSA/Cooper Stevedoring Co., and     ) | |
| Charleston Gate, LLC,          ) | |
|                       ) | |
|         Defendants.    ) | |
| _____) | |

      This matter is before the Court upon Plaintiff's Motion to Reconsider this Court's Order denying Plaintiff's Motion for Leave to Amend its complaint. For the reasons that follow, the Court denies Plaintiff's Motion to Reconsider.

      In an Order dated June 25, 2012, this Court held that Plaintiff's union did not act irrationally or in reckless disregard of the rights of its members when it entered into the Agreement in light of the transitions facing the Port and its workers. Because of the long term changes that were going to be made, the union decided to enter into the Agreement to not only address and re-establish the employment rights of its members performing the TIR function for the common user facilities, but to set parameters for the protection of all of its members' rights in the face of future changes.[1]  A union has vast discretion to negotiate new contracts, and the Court

---

[1] For example, the Agreement states: "All future modification in ILA hiring practices or work responsibility must be mutually agreed upon by the direct employers and the ILA. The building of a new container terminal in Charleston with the addition of significant volumes will produce a need to negotiate manning requirements . . . the ILA, reserves the right to renegotiate a new TOS [Terminal Operating System] manning agreement." June Agreement ¶ 9.

is not to substitute its own view of the proper bargain for that reached by the union. The Court found that the failure by the union to specifically provide for location/yardwork jobs in the Agreement did not rise to the level of irrational behavior in light of the entire factual landscape at the time the union entered the Agreement. Furthermore, Plaintiff did not dispute that the June Agreement was ratified by a unanimous vote of the union membership at the June 15, 2010 membership meeting nor did he dispute that he failed to attend that meeting. Accordingly, the Court concluded that the union's decision to enter into the Agreement was not arbitrary.

The Court also held that the union did not act discriminatorily or in bad faith. The facts indicated that because of the plans to implement a new operating system, along with technology updates, to make the Port more competitive, the SCSPA and the ILA decided to enter into the Agreement to establish and clarify each party's rights in the long run. Plaintiff failed to provide facts indicating deception, specifically that the jobs at issue were now being performed by non-union members, or that the union had an improper motive or intent upon entering the Agreement. *See Spellacy*, 156 F.3d at 126 ("Judicial review of union action [] 'must be highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities.'" (citing *Gvozdenovic v. United Air Lines, Inc.*, 933 F.2d 1100, 1106 (2d Cir. 1991))). Therefore, because Plaintiff's Second Amended Complaint failed to allege sufficient facts to plausibly support a hybrid claim, the Court denied Plaintiff's Motion for Leave to Amend since such an amendment would have been futile.

Plaintiff now argues that this Court's Order was in error and moves for the reconsideration of its judgment. Reconsideration of a judgment is an extraordinary remedy which should be used sparingly. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion to reconsider may be granted for three reasons: (1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or a manifest injustice. *Id.* Motions to reconsider may not be used to initiate arguments or legal theories that the proponent had the ability to address prior to the judgment. *Id.* Plaintiff claims that reconsideration of the Court's Order is necessary based upon newly-discovered evidence that was not available to Plaintiff until after the close of briefing on Defendants' motions. The evidence consists of: (1) Exh. A - an affidavit of the Plaintiff (John Robert Mayhew); (2) Exh. B - Molly Parker, "Maersk signs deal to stay in Charleston until 2014," Charleston Regional Business Journal, October 22, 2009; and (3) Exh. C - Molly Parker, "Maersk Line pulling out of Port of Charleston," Charleston Regional Business Journal, December 18, 2008. Plaintiff brings Exhibits A, B, and C to the attention of the Court in order to demonstration that Maersk and the SCSPA reached an agreement on or before October 22, 2009, which compelled Maersk to remain in the Port of Charleston until 2012. Plaintiff argues that this new evidence warrants reconsideration of the Court's decision because the Court based its decision upon Defendant Local 1771's argument that "Local 1771 entered into [the Agreement] in order to keep Maersk, the Port of Charleston's largest customer, from leaving the Port of Charleston and taking with it a substantial amount of business from the area." Pl.'s Mot. Reconsider at 3.

It is first worth noting that Defendant Local 1771 does not put forth this argument in any of its motions or briefs. But, more importantly, Plaintiff incorrectly concludes that this argument was relied upon by the Court in making its ruling. The Court did take into consideration the factual landscape leading up to the union's decision to enter into the Agreement, such as the transitions facing the Port and its workers as discussed and referenced in the Agreement. "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the

union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." *Air Line Pilots v. O'Neill*, 499 U.S. 65, 67 (1991). The Court found that based upon the entire factual landscape, it was reasonable for the union to enter into an Agreement with the SCSPA to address and re-establish the employment rights of its members performing the TIR function for the common user facilities and to set the parameters for the protection of all of its members' rights in the face of new changes. The Court also acknowledged that the Agreement did not specifically provide for location/yardwork jobs, however, it held that this fact alone does not create the inference that the union's decision to enter into the Agreement was wholly unreasonable, discriminatory, or deceitful.  Its decision, however, was not based on Defendant Local 1771's argument or inference (according to Plaintiff) that the Agreement was necessary to keep Maersk's business at the Charleston Port.  Because Plaintiff's newly discovered evidence disputes an argument not relied upon by the Court, the evidence does not alter the contours of the case or compel reconsideration of the Court's prior decision. Therefore, Plaintiff's Motion to Reconsider is denied.

## **CONCLUSION**

It is hereby **ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.


**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

July 23, 2012
Charleston, SC

4